NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250673-U

NO. 4-25-0673

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DARRELL DESMOND McLIN, | ) | No. 21CF1066 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's appeal was dismissed because of his failure to comply with Illinois
Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 2    Defendant, Darrell Desmond McLin, appearing *pro se*, appeals from his
convictions of first degree murder (720 ILCS 5/9-1 (a)(2) (West 2020)) and attempted first degree
murder (*id.* §§ 8-4 (a), 9-1(a)(1)). Because of the deficiencies of defendant's appellant brief, we
strike his brief and dismiss the appeal.

¶ 3                                   I. BACKGROUND

¶ 4    In August 2021, defendant was indicted on one count of first degree murder and
two counts of attempted first degree murder in connection with his act on June 10, 2021, of
personally discharging a weapon at Latonya Whitfield, Michael Finneran, and Rashad Peltzer,
which caused Whitfield's death. Before trial, the trial court denied a motion to dismiss based on

allegations defendant was denied his statutory right to a speedy trial.

¶ 5        In January 2024, a jury found defendant not guilty of the attempted murder of Finneran and guilty of the remaining charges. Defendant filed posttrial motions alleging various issues, including speedy trial issues. Defendant's counsel withdrew, and defendant filed *pro se* motions alleging ineffective assistance of counsel. Following a preliminary hearing pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), the trial court denied the motions and sentenced defendant to an aggregate term of 165 years' imprisonment.

¶ 6        This appeal followed.

¶ 7        Defendant was appointed counsel on appeal. However, counsel later was allowed to withdraw after defendant requested to proceed *pro se*. After being granted an extension of time to prepare his brief, defendant filed his brief on March 5, 2026. The State filed its brief on May 4, 2026, noting serious deficiencies in defendant's brief. In late May 2026, after the time to file a reply brief had passed, defendant attempted to file a motion to amend his brief, but it was returned due to defendant's lack of proof of service to the State. Defendant then filed another motion seeking to amend his brief. In that motion, defendant admitted his brief "is fundamentally deficient, and a brief in name only because it lacks meaningful compliance with [the rules governing appellate briefs]." This court denied the motion.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, in a difficult to follow brief that omits nearly all of the required elements, defendant argues (1) the trial court erred in denying his motion to dismiss premised on a statutory speedy trial violation, (2) the indictment was void due to a defective endorsement based on the unsworn testimony of witnesses, (3) the prosecution used deceptive evidence and misled the grand jury, and (4) trial counsel provided ineffective assistance. Because defendant's appellant

brief is an instrument of self-destruction and fails to comply with nearly all subsections of Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form of appellate briefs, we dismiss the appeal.

¶ 10　　　　This court has the discretion to strike an appellant's brief and dismiss an appeal when the appellant's brief does not comply with the requirements of Rule 341. *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 11. This is a harsh but appropriate sanction when the appellant's violations of procedural rules hinder our review of the case. *Id.*

¶ 11　　　　"Failure to comply with the rules regarding appeal briefs is not an inconsequential matter." *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005). The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). A brief that lacks any substantial conformity to the rules may justifiably be stricken. *Tannenbaum v. Lincoln National Bank*, 143 Ill. App. 3d 572, 574 (1986).

¶ 12　　　　A *pro se* litigant, such as defendant here, is not entitled to more lenient treatment than attorneys and must comply with the same rules and is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. This is true in both the trial court and this court of review. "[T]he procedural rules governing the content and form of appellate briefs are mandatory and not suggestions." *Litwin*, 2021 IL App (3d) 200410, ¶ 3. A *pro se* appellant is not excused from following the requirements of Rule 341. *Id.* We recognize defendant is appearing *pro se* by his own choice, having rejected the assistance of court-appointed counsel, and the perils of choosing to do so are reaffirmed. See *Faretta v. California*, 422 U.S. 806, 852 (1975) (Blackmun, J., dissenting, joined by Burger and Rehnquist, JJ.), "[i]f there is any truth to the old

proverb that 'one who is his own lawyer has a fool for a client,' the Court by its opinion today now bestows a constitutional right on one to make a fool of himself."

¶ 13     Defendant's appellate brief violates multiple rules that govern appeals. For example, Rule 341(h)(1)-(4) requires (1) a table of contents, (2) an introductory paragraph that includes the nature of the action and the judgment appealed from, (3) a statement of the issues presented for review, and (4) a statement of jurisdiction. Ill. S. Ct. R. 341(h)(1)-(4) (eff. Oct. 1, 2020). Defendant has provided none of those items in his brief.

¶ 14     Rule 341(h)(8)-(9) also requires an appellant's brief to contain a short conclusion stating the precise relief sought and an appendix. Ill. S. Ct. R. 341(h)(8)-(9) (eff. Oct. 1, 2020). Defendant's brief does not contain those sections. Defendant's brief is also over the page limit. See Ill. S. Ct. R. 341(b)(1) (eff. Oct. 1, 2020). The cover is also deficient because it does not indicate the status of the parties, the addresses of the parties, or the name of the trial judge entering the judgment to be reviewed. See Ill. S. Ct. R. 341(d) (eff. Oct. 1, 2020). Defendant also fails to properly refer to himself in the same manner as in the trial court. See Ill. S. Ct. R. 341(f) (eff. Oct. 1, 2020).

¶ 15     Rule 341(h)(6) requires an appellant's brief contain a statement of the facts necessary to an understanding of the case, stated fairly and without argument or comment, and with appropriate citations to the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "A reviewing court is not obligated to search the record for evidence on which to base a reversal, and unless reference is made to those portions of the record supporting reversal, the argument will not be considered." *Webb v. Angell*, 155 Ill. App. 3d 848, 854 (1987). Defendant has not provided any statement of facts. Instead, defendant scattered sometimes unsubstantiated facts with no citations to the record throughout his argument, with pages from the record and copies of case law inserted

in between pages of argument.

¶ 16 Further, Rule 341(h)(7) requires the brief contain an argument section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). An appellant is obligated to define issues clearly, cite pertinent authority, and present a cohesive legal argument. *Gandy v. Kimbrough*, 406 Ill. App. 3d 867, 875 (2010). In much the same manner that this court is not obligated to search the record to find reasons to reverse the trial court's judgment, this court is also not a depository into which an appellant may dump the burden of research and argument with regard to the issues he or she raises on appeal. *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Instead, this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *Id.* Contentions that are inadequately presented on appeal, such as by the failure to provide coherent argument or cite pertinent authority, do not merit consideration. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991).

¶ 17 Here, defendant's legal contentions are scattered throughout the brief and, as previously noted, documents from the record and copies of cases are inserted between pages of argument. While defendant provides boilerplate legal principles and citations and scatters facts throughout his arguments, he often does not explain how the case law applies to the facts of his case. Defendant also includes unsubstantiated facts without citation to the record in his legal argument sections. In some sections, such as in defendant's arguments concerning the grand jury and ineffective assistance of counsel, defendant presents conclusory allegations followed by case citations, with no explanation of their relevance or how they apply to the facts of his case. Defendant's lack of a statement of the issues presented for review, coupled with his lack of a cogent statement of facts and meaningful legal argument, renders his brief insufficient for appellate

review. We are not required to do defendant's homework for him.

¶ 18    Finally, we note defendant filed a motion admitting his brief "is fundamentally deficient, and a brief in name only." While defendant recognized that and moved to amend the brief, he did so only after the State noted the deficiencies and the time for filing his reply brief had passed. Defendant was required to present a proper brief in the first instance, not belatedly, after the deficiencies were noted by the State. Accordingly, we conclude that, based on defendant's numerous violations of Rule 341(h), his appeal should be dismissed.

¶ 19    We recognize the dismissal of an appeal is a harsh sanction. However, because of the deficiencies in defendant's appellant's brief, the dismissal of the appeal is appropriate.

¶ 20                        III. CONCLUSION

¶ 21    For the foregoing reasons, we strike defendant's brief and dismiss the appeal.

¶ 22    Appeal dismissed.